Matter of D.M. v Administration for Children's Servs. (2025 NY Slip Op 01772)

Matter of D.M. v Administration for Children's Servs.

2025 NY Slip Op 01772

Decided on March 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 25, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Higgitt, JJ. 

Docket No. A-08448/20, N8-14623-24/22|Appeal No. 3958|Case No. 2023-06553|

[*1]In the Matter of D.M. and Another, Children Under Eighteen Years of Age, etc., T.M. Appellant, Peter D. Respondent,
v
Administration for Children's Services, Petitioner-Respondent.

Carol L. Kahn, New York, for appellant.
Law Offices of Randall S. Carmel, Jericho (Randall Carmel of counsel), for Peter D., respondent.
Muriel Goode-Trufant, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for Administration for Children's Services, respondent.
Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), attorney for the child, D.M.
Donna C. Chin, New York, attorney for the child, Baby Boy M.

Order, Family Court, Bronx County (Ronna H. Gordon-Galchus, J.), entered on or about December 6, 2023, which, to the extent appealed from as limited by the briefs, after a permanency hearing, provided for unsupervised two-hour "sandwich visits" between respondent-mother and the subject children, unanimously affirmed, without costs.
Family Court providently exercised its discretion in finding that the children's best interests were served by granting unsupervised visitation only on the condition that the visits with the mother were "sandwiched" in between visits supervised by petitioner Administration for Children's Services (ACS) (see Melissa G. v John W., 143 AD3d 406, 407 [1st Dept 2016]; see Matter of Christopher M.S. [Christine F.S.], 174 AD3d 535, 536 [2d Dept 2019]). Family Court properly balanced the competing considerations presented here, appropriately considering the mother's growth and resilience as a victim of sexual abuse while also protecting the children from any potential exposure to the mother's abuser (see Matter of Christopher M.S., 174 AD3d at 536). Although the court's written order did not explicitly direct ACS to accommodate the mother's work schedule, it did direct ACS to hold virtual visits if the mother was unable to attend her in-person visits, and it gave ACS the discretion to expand visitation on notice to counsel.
The mother failed to preserve her claim that ACS failed to make reasonable efforts toward reunification because it did not refer her for a type of therapy known as "trauma bonding." She never asked for this relief below, and we decline to review the matter in the interest of justice (see Matter of C.F. [Carlos F.], 220 AD3d 506, 507 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2025